IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM FRANK HILL, JR., | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 18-5564 |
| ANDREW M. SAUL,[1] | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

# ORDER

AND NOW, this 5th day of August, 2019, following upon consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Review (Doc. 11), Defendant's Response (Doc. 12), Plaintiff's Reply (Doc. 13), Defendant's Motion to Stay (Doc. 14), and Plaintiff's Response in Opposition to SSA's Motion for a Stay (Doc. 15), and for the reasons set out in the accompanying memorandum opinion, **IT IS HEREBY ORDERED THAT**:

1. Defendant's Motion to Stay is **DENIED**.[2]

---

[1] Andrew M. Saul became Commissioner of Social Security on June 4, 2019 and is therefore substituted for Nancy A. Berryhill as Defendant in this suit. *See* Fed. R. Civ. P. 25(d)(1); 42 U.S.C. § 205(g) (Social Security disability actions "survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office").

[2] Whether to stay litigation is a matter left to a court's discretion. *See Bechtel Corp. v. Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976). In exercising this discretion, a court weighs the competing interests of the parties. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). A stay should only be granted in "exceptional circumstances." *In re Chickie's & Pete's Wage and Hour Litigation*, 2013 WL 2434611, at *2 (E.D. Pa. June 15, 2013). In considering whether to grant a motion to stay, a court is to evaluate: "(1) the length of the requested stay; (2) the hardship that the movant would face if the stay was not granted; (3) the injury that a stay would inflict on the non-movant; and (4) whether granting a stay would streamline the proceedings by simplifying issues and promoting judicial economy." *Vasvari v. Rite Aid Corp.*, No. 09–2069, 2010 WL 3328210, at *2 (M.D. Pa. Aug. 23, 2010) (citing *Landis,* 299 U.S. at 254–55).

2. Plaintiff's Request for Review is **GRANTED**.

3. The matter is **REMANDED** to the Commissioner for assignment to a new ALJ for a *de novo* hearing; and

4. The Clerk of Court is **DIRECTED** to mark this case **CLOSED**.

BY THE COURT:

Date: August 5, 2019

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

The Commissioner contends that a stay is warranted in light of an appeal it filed on April 5, 2019 in two cases (arising out of the United States District Court for the Middle District of Pennsylvania) in which the same legal issue is present, i.e. whether a Social Security claimant forfeits her Appointments Clause challenge by failing to raise it before her ALJ. (Doc. 14). The Commissioner contends that granting a stay will promote judicial efficiency and "ensure consistency on this critical issue." (*Id.* at 2). Plaintiff asserts that a stay will prejudice him considering his poor health and the fact that, should a stay be granted, more than five years will have elapsed since he filed for benefits. (Doc. 15).

Upon reviewing the relevant factors and weighing the risk of harm to both parties, the Court is unconvinced that denying this stay will result in hardship to the Commissioner. On the contrary, it is possible that granting the stay would unduly prejudice Plaintiff in this process considering especially his health, advanced age (53), and the considerable time that has elapsed since his June 11, 2015 application for benefits. (R. 169.) Moreover, we cannot say that the interest in judicial economy and in "ensuring consistency" on this issue overrides the harm that Plaintiff avers he will incur. For these reasons, we deny the Commissioner's Motion to Stay.