IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM FRANK HILL, JR.<br>Plaintiff, | :<br>:  CIVIL ACTION<br>: |
| v. | :<br>:  NO. 18-5564<br>: |
| ANDREW SAUL,[1]<br>Commissioner of Social Security,<br>Defendant. | :<br>:<br>: |

**MEMORANDUM OPINION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                    June 16, 2020

Plaintiff seeks award of attorney's fees against the Commissioner of Social Security, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons stated below the motion will be denied.

**I.    FACTUAL AND PROCEDURAL HISTORY**

Hill filed for Supplemental Security Income under Title II of the Social Security Act, 42 U.S.C. §§ 301, *et seq*. on June 11, 2015. (R. 169–176). His application was denied on October 10, 2015, and he requested review by an Administrative Law Judge ("ALJ"). (R. 96). A hearing was held before an ALJ on November 30, 2017. (R. 36–77). In a written decision dated January 24, 2018, the ALJ denied Hill's application for benefits. (R. 70). Plaintiff sought review in the Appeals Counsel, but on April 11, 2019 that body declined to disturb the ALJ's decision. (R. 1–3).

---

[1] Andrew Saul became the Acting Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Saul should be substituted for the former Acting Commissioner, Nancy A. Berryhill, as the defendant in this action. No further action need be taken to continue this suit pursuant to section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

Plaintiff filed a complaint in federal court on June 11, 2019.  (Doc. 1).  Plaintiff sought remand for a hearing before a constitutionally appointed ALJ pursuant to *Lucia v. S.E.C.*, 138 S. Ct. 2044, 2055 (2018).  (Doc. 11 at 15).  This constitutional claim relies on the United States Supreme Court's holding in Lucia v. SEC that the Securities and Exchange Commission ("SEC") ALJs are "Officers of the United States" subject to the Appointments Clause. 138 S. Ct. 2044, 2049 (2018). Under the Appointments Clause, only the President, "Courts of Law," or "Heads of Departments" can appoint "Officers." U.S. CONST. art. II, § 2, cl. 2.  As none of those actors had appointed the SEC ALJs in *Lucia*, the Supreme Court held that the appointment was in violation of the Clause.  It was uncontested that the SSA ALJs were not appointed pursuant to the Appointments Clause until July 16, 2018. Soc. Sec. Admin., EM18003 REV 2, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process-Update (effective date 08/06/2018). The Commissioner argued that Plaintiff had waived this challenge due to his failure to raise the issue during her administrative process.  (Doc. 12 at 17–27).

We resolved this matter by holding that Hill was not required to have exhausted his Appointment Clause challenge during the administrative process and remanded the case for a new hearing before a different, constitutionally appointed ALJ.  (Docs. 16–17).  Ultimately, the issue of exhaustion for an Appointments Clause challenge was brought before the Third Circuit on appeal from a case in the Middle District of Pennsylvania in *Cirko ex rel. Cirko v. Commissioner of Social Security*, 948 F.3d 148 (3d Cir. 2020).  On January 23, 2020, that court issued a ruling consistent with our decision, and "declined to require exhaustion."  *Id*.  On October 11, 2019, Plaintiff filed a motion for attorney's fees.  (Doc. 18).

**II.   DISCUSSION**

Pursuant to the EAJA, the prevailing party is entitled to attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government alleges here that its position was "substantially justified." *Id.*

In *Pierce v. Underwood*, the Supreme Court provided guidance as to the definition of "substantially justified," explaining that "as between the two commonly used connotations of the word 'substantially,' the one most naturally conveyed by the phrase before us here is not 'justified to a high degree,' but rather 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government has the burden of demonstrating that its position is "substantially justified," through establishing "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998). In determining whether the government's position is justified the court must consider "not only the position taken in the litigation but the agency position that made the litigation necessary in the first place." *Id.* (quoting *Hanover Potato Products, Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993); *see also Taylor v. Heckler,* 835 F.2d 1037, 1040 (3d Cir.1988) ("[T]he government is deemed to have two positions for EAJA purposes").

The government avers that the Commissioner "litigate[d] a reasonably substantiated position[]." (Doc. 19 at 4). The government defined the Commissioner's position, explaining that they argued that "Plaintiff forfeited his claim by not raising it before the agency during administrative proceedings." (*Id.*). While they acknowledged that we decided "in Plaintiff's favor in this case," they argued that "the vast majority of district courts across the country" have decided

3

for the Commissioner on this issue. (Doc. 19 at 4). The government points to this as evidence of the reasonableness of its position. Further, the government asserts that at the time they made the argument in this case, there was a split in authority on this issue throughout the Eastern District of Pennsylvania. With these arguments in mind, we address the three elements that must be met in determining whether a position was "substantially justified." 28 U.S.C. § 2412(d).

First, there is no dispute that Hill did not raise an Appointments Clause challenge during the administrative process. As such, the Commissioner had "a reasonable basis in truth for the facts alleged." *Morgan*, 142 F.3d at 684. Second, in arguing its position, that an Appointments Clause challenge can be waived, and was in fact waived here through failure to exhaust, the government had a reasonable basis in "the legal theory advanced." (*Id.*). Although the Third Circuit ultimately decided that plaintiffs were not required to exhaust their Appointments Clause challenges, this does not preclude a finding that the position was "substantially justified." *Pierce*, 487 U.S. at 566 n.2 ("a position can be justified even though it is not correct").

The government took the position that exhaustion was required, a position that had a reasonable basis in law, even as it was ultimately rejected by the Third Circuit. It argued that "[a] constitutional challenge under the Appointments Clause is 'nonjurisdictional,' and thus a party may forfeit its Appointments Clause argument by failing to raise it." (Doc. 12 at 18). In support of this proposition the government cited to a series of cases in other circuits that held that "constitutional claims under the Appointments Clause" can be waived through failure to exhaust. (*Id.*) (*citing D.R. Horton, Inc. v. NLRB*, 737 F.3d 344, 351 & n.5 (5th Cir. 2013); *NLRB v. RELCO Locomotives, Inc.*, 734 F.3d 764, 795, 798 (8th Cir. 2013); *Kabani & Co. v. SEC*, No. 17-70786, 2018 WL 3828524, at *1 (9th Cir. Aug. 13, 2018); *Intercollegiate Broad Sys. v. Copyright Royalty Bd.*, 574 F.3d 748, 755-56 (D.C. Cir. 2009); *In re DBC*, 545 F.3d 1373, 1378-81 (Fed. Cir. 2008).

These cases cited provide a foundation for the reasonable basis in law. *See Morgan*, 142 F.3d at 684.

In reaching this determination, we note that the government raised the question of exhaustion before *Cirko* was decided. At that point, there was no consensus on this question within the Eastern District of Pennsylvania, let alone the Third Circuit. *Compare Muhammad v. Berryhill*, 381 F. Supp. 3d 462, 471 (E.D. Pa. 2019) (holding that plaintiff forfeited his Appointments Clause claim due to failure to exhaust); *Marchant ex rel. A.A.H. v. Berryhill*, No. CV 18-0345, 2019 WL 2268982, at *8 (E.D. Pa. May 28, 2019) ("failed to raise a timely Appointments Clause challenge"); *Cox v. Berryhill*, No. 16-5434, 2018 WL 7585561, at *2 (E.D. Pa. Dec. 18, 2018) (finding Appointments Clause challenge waived); *with Wilson v. Berryhill*, 379 F. Supp. 3d 381, 388 (E.D. Pa. 2019) (remanding); *with Culclasure v. Comm'r of Soc. Sec. Admin.*, 375 F. Supp. 3d 559, 573–74 (E.D. Pa. 2019) (finding claimant did not need to raise Appointments Clause challenge at the administrative level and remanding case to a different ALJ); *Kellett v. Berryhill*, No. CV 18-4757, 2019 WL 2339968, at *8 (E.D. Pa. June 3, 2019) (same); *Harold v. Saul*, No. CV 18-03994, 2019 WL 6003494, at *7 (E.D. Pa. Nov. 13, 2019) (same); *Ready v. Berryhill*, No. 18-04289, 2019 WL 1934874, at *3 (E.D. Pa. Apr. 30, 2019) (same).

Further, as stated in *Cirko*, "whether [the court] should impose an exhaustion requirement here 'is a matter of sound judicial discretion.'" *Cirko*, 948 F.3d at 153 (3d Cir. 2020) (*quoting Cerro Metal Prods. v. Marshall*, 620 F.2d 964, 970 (3d Cir. 1980).[2] We conclude that there was a reasonable basis for "the legal theory advanced," and there is a "reasonable connection" between

---

[2] The court of appeals considered the purpose of the Appointments Clause and exhaustion requirements, as well as the interests of the individual in maintaining an Appointments Clause challenge as compared to the governmental interest in requiring exhaustion, and "decline[d] to require exhaustion." *Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 159 (3d Cir. 2020).

5

the undisputed fact that Hill did not raise an Appointments Clause challenge during the administrative process and the legal theory that exhaustion was required. *Morgan*, 142 F.3d at 684.

### III. CONCLUSION

As the Commissioner was "substantially justified" in raising waiver based on failure to exhaust the Appointments Clause challenge, Hill's motion for attorney's fees will be denied. 28 U.S.C. § 2412(d). An appropriate order follows.

            BY THE COURT:

            /s/ David R. Strawbridge, USMJ
            DAVID R. STRAWBRIDGE
            United States Magistrate Judge